USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
    UNITED STATES OF AMERICA,

                -v-

    JUAN DELGADO,

                           Defendant.
-----------------------------------------------------------X

1:17-cv-10174-GHW
1:14-cr-562-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Juan Delgado participated in a conspiracy to distribute heroin. He pleaded guilty pursuant to a plea agreement and was sentenced principally to 140 months imprisonment—the bottom of the advisory guidelines range agreed to by him in his plea agreement with the United States. In this petition under 28 U.S.C. § 2255, Mr. Delgado argues that his counsel was ineffective because his counsel failed to object at sentencing to elements of the sentencing guidelines calculation upon which Mr. Delgado had agreed in his plea agreement. Because the decision by Mr. Delgado's counsel to comply with the terms of Mr. Delgado's plea agreement at sentencing was not unreasonable, Mr. Delgado's petition is denied.

## II. BACKGROUND AND PROCEDURAL POSTURE

### a. Mr. Delgado's Plea and Sentencing

On January 11, 2017, Juan Delgado pleaded guilty to the offense of conspiracy to distribute and possess with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of cocaine. Mr. Delgado entered that plea in accordance with the terms of a plea agreement with the United States that he entered into on that day. The Court engaged in a fulsome

colloquy with the defendant to confirm his understanding of the terms of the plea agreement. Plea Transcript, Dkt. No. 7-2 ("Plea Transcript"), at 19-24.

In the plea agreement, the parties stipulated to the calculation of the advisory sentencing guidelines range. In calculating the agreed-upon sentencing guidelines range of 140-175 months of incarceration, the parties agreed, among other things, the following:

> . . . Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(5), because the offense involved at least one kilogram but less than three kilograms of heroin, the base offense level is 30.
> . . . Pursuant to U.S.S.G. § 3C1.2, because the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officers on or about July 20, 2014, an increase of two offense levels is warranted.

Plea Agreement, Dkt. No. 7-1, at 2.

The parties agreed to abide by the calculation of the advisory sentencing guidelines range contained in the Plea Agreement. In particular, the Plea Agreement provided that

> The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. *Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.*

Plea Agreement at 2 (emphasis added). During the plea colloquy, the Court confirmed that the defendant understood that the plea agreement contained an agreement regarding the stipulated guidelines range that applied in the case. Plea Transcript at 20. The Court also informed the defendant that the agreement was binding on him and on the government. *Id.* The Court reviewed the provisions of the agreement in which the defendant had waived the right to seek collateral review of his conviction and sentence, provided that it fell within or below the stipulated guidelines range of 140-175 months imprisonment. *Id.* at 21-22; *see also* Plea Agreement at 4-5.

The Court sentenced Mr. Delgado on May 5, 2016. The Court adopted the factual matters set forth in the presentence report without objection by the parties. Sentencing Transcript, Dkt. No.

7-3 ("Sentencing Transcript"), at 6-7. The presentence report recounted Mr. Delgado's involvement in a particular transaction involving the sale of one kilogram of heroin. It also described Mr. Delgado's flight from police in a car chase through the streets of upper Manhattan—a chase that reached speeds up to 100 miles per hour.

At sentencing, the Court calculated the guidelines range in a manner consistent with the parties' plea agreement and the presentence report. Among other things, the Court found that the base offense level was 30 because the offense involved at least one kilogram, but less than three kilograms of heroin. Sentencing Transcript at 8. The Court found that a two level enhancement was warranted under U.S.S.G. § 3C1.2. *Id.* Neither party objected to the Court's sentencing guidelines calculation.

After conducting an analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Mr. Delgado principally to 140 months of imprisonment—at the bottom end of the guidelines range calculated by the parties, the probation department, and the Court. *Id.* at 19-25. Mr. Delgado appealed. The Second Circuit Court of Appeals dismissed that appeal on May 8, 2017 because Mr. Delgado had not demonstrated that the waiver of his appellate rights under his plea agreement was unenforceable. *United States of America v. Juan Delgado, AKA Willy Rodriguez*, 16-1631 (2d Cir. May 7, 2017).

### b. Mr. Delgado's Petition

Mr. Delgado filed this petition to vacate his sentence on December 27, 2017. Petition, Dkt. No. 1. He claims that he is entitled to relief under 28 U.S.C. § 2255 because he was provided ineffective assistance of counsel. Mr. Delgado raises two arguments in support of that contention. First, he argues that his counsel "erred at sentencing for failing to object to the two level adjustment for obstruction of justice pursuant to, [sic] U.S.S.G. § 3C1.2 . . . ." *Id.* at 1. Second, he posits that defense counsel "also erred at sentencing for failing to ensure that there was a relevant conduct

3

finding made by the court." *Id.* Mr. Delgado contends that a further evaluation of the facts would have resulted in the conclusion that the amount of narcotics attributable to him was substantially less than one kilogram, resulting in a lower base offense level. Petitioner's Memorandum of Law, Dkt. No. 2, at 10-11.

The United States filed an opposition to the Petition on April 10, 2018. Dkt. No. 7. Mr. Delgado failed to file a timely reply. As a result, the Court, acting *sua sponte*, extended the deadline for Mr. Delgado to file a reply by an additional 15 days, to May 29, 2018. Dkt. No. 8. Mr. Delgado has not yet filed a reply.

### III. LEGAL STANDARD

It is well established that the Sixth Amendment to the United States Constitution guarantees criminal defendants' right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland v. Washington*, the Supreme Court set forth the familiar two-part test for determining whether an attorney's representation was ineffective. 466 U.S. 668 (1984). First, the defendant must demonstrate that the representation "fell below an objective standard of reasonableness." *Id.* at 688. Second, the defendant must demonstrate that the deficient representation prejudiced the defendant. *Id.* at 694.

The Court must hold an evidentiary hearing under § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "It is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003).

### IV. APPLICATION

Mr. Delgado's petition lacks merit. The petition is founded upon the argument that Mr. Delgado's counsel was ineffective because he failed to object to two elements of Mr. Delgado's sentencing guidelines calculation. However, both of those elements were specifically agreed to in

4

Mr. Delgado's plea agreement, and Mr. Delgado agreed not to argue that the calculation included in the plea agreement was incorrect. The facts in the presentence report, which were adopted by the Court without objection by the parties, supported the application of those elements of the guidelines calculation. Mr. Delgado's counsel did not object to those elements of the guidelines calculation at sentencing—no doubt in part because those elements had been agreed upon by the defendant. An objection would have been inconsistent with the terms of the plea agreement. Counsel's compliance with the terms of the plea agreement—including its agreement regarding the two provisions now disputed by Mr. Delgado—did not fall below an objective standard of reasonableness. It was eminently reasonable. Therefore, Mr. Delgado's claim that his counsel was constitutionally ineffective lacks merit. This conclusion is clear from a review of Mr. Delgado's motion and the records and files of the case. As a result, no evidentiary hearing is warranted.

In a proceeding under 28 U.S.C. § 2255, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Federal Rule of Appellate Procedure 22(b)(1). To obtain a certificate of appealability under §2253(c), the applicant "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted). The Court does not find that standard to be met in this case. Accordingly, a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED.

## V. CONCLUSION

For the reasons stated above, Mr. Delgado's petition is DENIED. The Clerk of Court is directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: June 15, 2018
New York, New York

_____
GREGORY H. WOODS
United States District Judge